MONROE, J.
It appears, from the application and return in this case, that William Fritz was convicted of vagrancy, in the Alexandria city court, and sentenced to imprisonment in the city jail for 30 days, and that, upon application to the district court for the writ of habeas corpus, he was remanded to be sentenced “according to law,” on the ground that the ordinance under which he was prosecuted does not authorize the sentence imposed.
The city has obtained a writ of certiorari for the review of the judgment of the district court. The ordinance (being Penal Ordinance No. 89) reads (so far as it need be quoted) as follows :
“See. 2. * * * That whoever shall be found guilty of being a vagrant, as defined in section 1 of this ordinance, shall be fined not less than five ($5.00) dollars nor -more than twenty five ($25.00) dollars, and, in default of payment of fine, shall be imprisoned not less than ten (10) nor more than thirty (30) days, or both, at the discretion of the court.”
It appears that the accused was willing to pay a fine, but that the only sentence imposed was that of imprisonment, and the contention (sustained by the district court) is that such sentence could be imposed only upon the failure of the accused to comply with a sentence to pay a fine.
The meaning of the ordinance is not se clear as it might be; but we are not at liberty to sacrifice it, or any of its provisions,, for that reason.
The penalty first imposed is a fine, with imprisonment, in the alternative, as a means of enforcing payment of the fine, so that the word “and” (“and, in default of payment of fine, shall be imprisoned,” etc.) may be read “or,” and the clause would read, “shall be fined, * * * or, in default of payment of fine, * * * imprisoned”; and then we come to the words “or both, at the discretion of the court,” meaning that the court may, in its discretion, impose both panalties (fine and imprisonment), or only one. The charter of the city of Alexandria (Act No-. 136 of 1898, § 15, subd. 31) empowers the mayor and board, etc., “to pass all ordinances and enforce the same by fine, not to exceed $100, or imprisonment, inot exceeding 30-days, or both.” And Act 178 of 1904 authorizes municipal corporations to adopt ordinances relative to vagrancy; section 2 of the act giving them the right to punish that offense by a fine of not less than $5 nor more than $25, or by imprisonment of not less, than 10 nor more than 30 days, “or both, at the discretion of the court.” The ordinance here in question was adopted in 1905, and seems patterned after the act last above quoted, but has become somewhat involved by the introduction into it of additional phraseology, which, however, does not, in our opinion, give it a meaning materially, or at all, different from that of the statute.
Being of the opinion that the sentence imposed upon the relator in the habeas corpus-proceeding was authorized, and that there was error in the judgment of the district court, whereunder he was released:
*274 It is ordered and decreed that said judgment be set aside and annulled, said writ of habeas corpus recalled and discharged, and the judgment of the city court of Alexandria, sentencing William Fritz to imprisonment in the parish jail, affirmed.